UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS HAUGABOOK,             No. C 08-3860 SI (pr)

    Petitioner,                        **ORDER**

  v.

ROBERT A. HOREL, warden,

    Respondent.
                                          /

**INTRODUCTION**

Douglas Haugabook, a prisoner incarcerated at the Pelican Bay State Prison, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for consideration.

**BACKGROUND**

Haugabook's petition states that he was convicted in 1998 in San Francisco County Superior Court of second degree robbery and was sentenced to 25 years to life in prison. He appealed. His conviction was affirmed and his petition for review was denied in about 2002. He also filed state habeas petitions, that apparently were pending in parts of 1999 and 2000.

Haugabook then filed this action. His federal petition has a signature date of May 23, 2008, and was mailed in an envelope post-marked July 31, 2008 and addressed to the U.S. Court of Appeals on Seventh Street in San Francisco. The petition was stamped "received" at the Ninth Circuit on August 5, 2008, and then apparently was forwarded to this court. The petition

was stamped "filed" at this court on August 12, 2008.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

It appears that the petition may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule

2

1 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that

## CONCLUSION

Good cause appearing therefor,

1. The clerk shall serve by certified mail a copy of this order, the petition, and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall send a copy of this order to petitioner.

2. Respondent must file and serve, no later than **December 19, 2008**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving a copy upon respondent no later than **January 30, 2009**.

4. Respondent must file and serve his reply, if any, no later than **February 13, 2009**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

6. Petitioner's in forma pauperis application is GRANTED. (Docket # 2 and # 4.)

IT IS SO ORDERED.

DATED: October 28, 2008

_____
SUSAN ILLSTON
United States District Judge