UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS HAUGABOOK,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT A. HOREL, warden,<br><br>    Respondent.<br>                                      / | No. C 08-3860 SI (pr)<br><br>**ORDER FOR EXPANSION OF THE RECORD AND DENYING APPOINTMENT OF COUNSEL** |

       Respondent filed a motion to dismiss the petition for writ of habeas corpus as untimely. Instead of filing an opposition, petitioner filed a request for appointment of counsel in which he stated that he had a "severe mental condition" that hindered his ability to litigate.

       A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. Petitioner states in several of his filings that he has schizophrenia, which certainly is a serious mental health issue, but he also states that he has been taking medication for it for years. The court must be sensitive to the problems the mentally ill face but also must be careful not to stereotype all mentally ill -- especially those who take medication to treat their illness -- as inherently and endlessly incompetent or unable to function. Based on the materials in the court file, it does not appear that appointment of counsel is necessary in this action. The motion for

appointment of counsel is DENIED. (Docket #11.)

The court would find it beneficial to see the mental health and prison records for petitioner in connection with the motion to dismiss filed by respondent, because one of the issues suggested by the records will be whether the limitations period should be equitably tolled due to his mental illness. Accordingly, the court will order certain supplemental materials to be filed to expand the record in accordance with Rule 7 of the Rules Governing Section 2254 Cases. Respondent must file and serve on petitioner no later than **July 31, 2009**, a copy of petitioner's medical file (including doctor notes, medication lists, and test results) pertaining to his treatment for mental health issues during the period January 1998 through January 2009. Respondent also may provide information about petitioner's housing during the relevant period, such as whether he was in any sort of psychiatric housing unit or hospital and the duration of such placement(s). Respondent also may file and serve a copy of any other portion of petitioner's prison file that pertains to or sheds light on his mental health condition or ability to function during the relevant period, such as inmate appeals on any topic, job records, and logs showing law library visits. Petitioner must promptly sign any necessary authorization for respondent to obtain copies of these records and file them with the court; if petitioner does not do so, the court will not consider his mental illness as offering a possible ground for equitable tolling of the statute of limitations period for purposes of ruling on the motion to dismiss.

Petitioner must file and serve his opposition to respondent's motion to dismiss no later than **August 14, 2009**. Respondent must file and serve his reply brief, if any, no later than **August 28, 2009**. No extensions of these deadlines should be expected.

IT IS SO ORDERED.

DATED: July 2, 2009

_____
SUSAN ILLSTON
United States District Judge

2